L. G. PICOT, Plaintiff in Error, *v.* THOMAS DOUGLASS, Defendant in Error.

1. *Ejectment — Sub-letting —Rescission —Rents and profits, testimony as to.—* Under an agreement between A. and B. for the sale of certain premises then in litigation, the deed was not to be required till the title was quieted, but B. was to have immediate possession, with full power to act in all things as if he had the absolute conveyance, taking to his own use the rents, issues, and profits. B. went into possession and sub-let to C. In ejectment by A. against C., *held,* that an application of A. for rescission of the contract by mutual consent was not a rescission, nor did it imply any breach or abandonment of the contract on the part of B. ; and that, while his rights in the premises continued under the agreement, rents were properly paid to him by C., and could not be again recovered from C., and that testimony showing payment of money for rents and repairs by C. during that time was proper.

*Error to St. Louis Circuit Court.*

*L. G. Picot, pro se.*

*Hudgins & Son,* and *P. Leahy,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sued in ejectment to recover possession of certain premises in Carondelet. It is alleged in his first amended petition that he was entitled to possession on the first day of October,

1866, and that the defendant, on the following day, entered into the premises, and that he unlawfully withholds possession. The truth of this averment is denied in the answer.

At the trial, which was by the court, two instructions were given at the instance of the defendant, declaring, in effect, that unless the plaintiff was entitled to possession on the day laid in the petition, he could not recover, and also a third instruction, declaring that under the pleadings and evidence the plaintiff could not recover. Upon the giving of these instructions, the plaintiff by leave filed an amended petition, wherein the ouster and right of possession were alleged a year and more later, to-wit: on the 6th of November, 1867. Whereupon the court, without any further instructions being either asked or given on either side, gave judgment for the plaintiff for possession and one cent damages.

The instructions mentioned above had no application to the case as made by the amended petition, and the court gave judgment in entire disregard of them, treating them as out of the case, and they must be so regarded. They were not renewed in either form or substance, as applicable to the case under the petition as finally amended.

The plaintiff won the case, but is dissatisfied with the damages assessed, insisting that he is entitled to the monthly value of the premises from November 6, 1867, to the date of judgment, amounting to some $500 — whereas the damages allowed by the court were merely nominal. It appears that the plaintiff, on the 22d of May, 1866, bargained the premises to Mrs. Julia W. Blow, through a contract of sale made with her in connection with her trustee, James M. Loughborough. This contract of sale recited that the premises were in litigation; and for that reason it was provided that no deed should be required until the title to the property was quieted. It was, however, further provided that the bargainees should have immediate possession, "with full power to act in all things as if they had an absolute conveyance," taking to their use the rents, issues, and profits. The purchase money was $9,000, to be paid in four years from the 15th day of May, 1866, with interest at six per cent., payable semi-annually. It was provided, nevertheless, that no more than twenty-five dollars per

month of the interest should be paid, pending the litigation, although the six per cent. interest stipulated for amounted to forty-five dollars per month. The defendant went into possession of the premises on the 11th day of June, 1866, as Mrs. Blow's tenant, at a monthly rent of thirty-five dollars; and there was evidence tending to show that the renting was for three years, with a privilege of a fourth, and that the defendant had paid on account of the rent $590 in cash and $750 in the way of repairs and improvements. This testimony was admitted over the plaintiff's objections to its relevancy, and its admission is made a ground of objection here. The record presents no other question.

The plaintiff had contracted the premises to Mrs. Blow, granting to her the right to deal with them as her own, as " absolute owner" pending the litigation, taking the rents and profits. She was, therefore, clothed with the authority to rent them. She appears to have done so, and the defendant became her tenant. It was therefore proper for him to pay her the rents so long as her rights in the premises continued; and if he paid them to her they are not collectable of him again in this suit; that is, rents which accrued and were paid prior to the time when Mrs. Blow's rights in the premises ceased. When was that? It appears that she made application to the plaintiff, through her trustee, for a rescission of her contract November 6, 1867, basing her application on the fact of the continuance of the litigation. This application for a rescission by mutual consent was not a rescission, nor did it imply any breach or abandonment of the contract on the part of the applicant. What action the plaintiff took upon the application does not appear, but it does appear that Mrs. Blow made a second application for a rescission, basing it on the same grounds, August 18, 1868. In this second application it is stated that the " back interest," etc., would be paid in case the plaintiff would make to her a good title; and this is the first intimation of any default on the part of Mrs. Blow. The statement implies that there was some interest in arrear on the 18th of August, 1868, but how much does not appear; nor does it appear whether the interest referred to was the interest on the whole $9,000 for one month or more, or whether

it was simply the difference between the monthly payment of twenty-five dollars and the forty-five dollars per month which was accruing on the $9,000. If the latter, it did not show her in default, for her contract required of her but the twenty-five dollars per month pending the litigation. At all events no cause of forfeiture against Mrs. Blow is shown prior to August, 1868, and down to that date it was legitimate, in any aspect of the case, for the defendant to show that he had in fact paid the rent to Mrs. Blow. The evidence objected to was relevant to that inquiry, and the plaintiff's objection to it was properly overruled.

This disposes of the case. It is true the court rendered a judgment for only nominal damages. But no question is raised as to the *quantum* of damages, except in the way of objection to the evidence, and that point has already been considered It may be observed, however, that the evidence of a right of forfeiture in the plaintiff is slight and unsatisfactory, and there is no evidence whatever that the plaintiff ever asserted any such right, aside from the fact of the institution of this suit. There was evidence tending to show that the defendant had paid in cash and in the way of improvements a sum sufficient to cover his liability for rent down to the day of the rendition of judgment, and we discover no sufficient reason for disturbing the judgment of the court below.

The court committed no error apparent upon the record whereof the plaintiff has any right to complain. The judgment will therefore be affirmed. The other judges concur.

A motion for rehearing was made by plaintiff in error and overruled.